UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S2-1:09 CR 130 SNLJ |
| | ) | DDN |
| MICHAEL JOE WELLS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the pending pretrial matters, which were referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b). Pending before the court on the second superseding indictment are the oral motion of defendant Michael Joe Wells for an extension of time for filing pretrial motions (filed August 23, 2011), the oral motion of defendant to suppress evidence (filed August 23, 2011), the written motion-request of defendant for pretrial discovery of evidence (Doc. 171), and the written motion of defendant to suppress evidence (Doc. 172).

A hearing was held on September 15, 2011. At the hearing, the court and the parties discussed the nature of the charges in the second superseding indictment, the sufficiency of the pretrial disclosure of evidence, and whether any arguably suppressible evidence would be offered at trial that has not been the subject of a motion to suppress. The parties are in agreement that the government has taken an open-file approach to pretrial disclosure of evidence to the defendant, subject to any ongoing investigation, and that there is now no known item of arguably suppressible evidence that could be the subject of another motion to suppress. The defendant is aware of his responsibility under Federal Rule of Criminal Procedure 12(e) to bring to the court's attention in a timely manner before trial[1] any issues related to any defect in the institution of the prosecution, any defect in the

---

[1] By earlier order the parties were required to file any new pretrial motion on or before September 12, 2011. (Doc. 170.)

indictments filed in this case (with the exceptions of any lack of jurisdiction in the court and whether the indictment states an offense), any entitlement to the suppression of evidence, any entitlement to severance, and any entitlement to further pretrial discovery. Fed. R. Crim. P. 12(e).  The parties are in agreement that there are no such issues to bring to the court's attention at this time that otherwise would be subject to a waiver under Rule 12(e).[2]

All this being said, the undersigned concludes that there are no issues to be litigated on the pending motions to suppress evidence, the motion for discovery, or the motion for an extension of time to file pretrial motions.  The parties are aware of the waiver provisions of Federal Rule of Criminal Procedure 12)(e).  And the parties are aware that this case is set for trial on October 6, 2011.

Therefore,

**IT IS HEREBY RECOMMENDED** that the motions of defendant Michael Joe Wells to suppress evidence (oral filed August 23, 2011; Doc. 172) be denied as moot.

**IT IS HEREBY ORDERED** that the motions of defendant Michael Joe Wells for an extension of time to file pretrial motions (filed August 23, 2011) and for pretrial discovery of evidence (Doc. 171) are denied as moot.

The parties are advised that they have 14 days until September 29, 2010, to file documentary objections to this Order and Recommendation. The failure to file timely documentary objections could result in the waiver of the right to appeal issues of fact.

                                         /S/   David D. Noce
                                   **UNITED STATES MAGISTRATE JUDGE**

Signed on September 15, 2011.

---

[2]Defense counsel stated at the hearing that the written motion to suppress evidence was filed protectively to avoid losing the suppression relief already granted by this court and the Court of Appeals.  See United States v. Wells, --- F.3d ---, 2011 WL 3426222 (8th Cir. Aug. 8, 2011).  The government has acknowledged that the granting of this relief is the law of the case.  (Doc. 176.)